REQUESTED BY: Allen J. Beermann, Nebraska Secretary of State; Ralph Englert, Deputy Secretary of State
School bond elections will be held in four. counties in Nebraska this year after the normal general election date which is the first Tuesday after the first Monday in November, or November 5. Voter registration for those school bond elections closes on the second Friday preceding each election. You have now posed several questions concerning the eligibility of certain voters for those school bond. elections.
Our conclusions regarding your questions are set out below.
Article VI, Section 1 of the Nebraska Constitution provides, in pertinent part:
Every citizen of the United States who has attained the age of 18 years on or before the first Tuesday after the first Monday in November and has resided within the State and the county and voting precinct for the terms provided by law shall, be an elector for the calendar year in which such change has attained the age of 18 years and for all succeeding calendar years.
The current version of article VI Section 1 was established in 1988 as a result of the passage of Legislative Resolution 248 and the subsequent approval of the constitutional amendment contained in that resolution by Nebraska voters. Your questions involve the voter age requirements set out in article VI, Section 1.
You first ask, "[a]re those (17) year olds who turn (18) between the 6th of November and the date voter registration closes eligible to register and vote, or are they ineligible because of not being (18) by November 5 even though they have now reached the age for registering and voting." We believe that the clear language of article-VI, Section 1 prohibits the individuals in question from voting at the school bond elections and for other elections during the remainder of calendar year 1991.
In Nebraska, courts will apply and enforce the constitution as it is written. State exrel. Spire v. Public Employees Retirement Board,226 Neb. 176, 410 N.W.2d 463 (1987). To do so, courts will look, to the plain and clear language contained therein. Banner County v. State Board of Equalization and Assessment, 226 Neb. 236, 411 N.W.2d 35 (1987). Constitutional provisions are not open to construction as a matter of course. State ex rel Spire v. Public Employees Retirement Board, supra. Before construing a constitutional provision, it must be demonstrated that its meaning is not clear and that construction is necessary. Id.
Prior to 1988, article VI, Section 1 of the Nebraska Constitution provided that anyone who had attained the age of 18 years and was otherwise qualified was an elector and could vote at elections. However, that language was amended in 1988, as noted above, into its present formulation. While the new language added in 1988 obviously allows those who are 17 to vote during the entire calendar year if they turn 18 on or before the date of the general election, there is no longer any language in article VI, Section 1 which generally qualifies all persons who are 18 years of age to vote. As a result, attaining the age of 18 years is no longer the operative fact, in and of itself, establishing the right to vote, and we believe the language remaining in article VI, Section 1 is clear and needs no construction. While individuals who are 18 on or before the date of the general election can vote during the calendar year they reach that age, individuals who are 18 after that date may not.
If the language of article VI, Section 1 was ambiguous and open to construction, it is still not entirely clear that the legislative history of the legislative resolution which presented the current version of that constitutional provision to the voters could be consulted. Omaha National Bank v. Spire, 223 Neb. 209, 389 N.W.2d 269 (1986). Nevertheless, we reviewed the legislative history of Legislative Resolution 248 from 1988, and it sheds little light on the questions you raised. The language in question was added to Legislative resolution 248 as a result of an amendment proposed on the floor of the Legislature by Senator Chambers. He described the language in question as ". . . a provision that would allow youngsters who are . . . who will be 18 years old by the time of the general election to register and vote in the primary at the age of 17." Floor Debate, 90th Nebraska Legislature, 2nd session, March 14, 1988, p. 9677. If anything, this statement supports the notion that individuals who turn 18 after the date of the general election may not vote in the calendar year in which they reach that age.
We would also note that Neb.Rev.Stat. § 32-102 (Reissue 1988) defines "elector" for purposes of the election laws as:
every person of the constitutionally prescribed age or upwards, and who shall have the right to vote for all `officers to be elected to public office, and upon all questions and propositions lawfully submitted to the voters at any and all elections authorized or provided for by the Constitution or laws of the State of Nebraska;
Thus, we are not dealing with a situation Where the Legislature has enlarged the voter age qualifications beyond those stated in the Nebraska Constitution.
Consequently, we believe that those 17 year olds who turn 18 between the general election date and the date voter registration closes are ineligible to register and vote at the school bond elections at issue because they were not 18 years of age on November 5th. Similarly, and in response to your second question, those 17 year olds who turn 18 between the date of voter registration closure and the date of the school bond election are also ineligible to vote.
Your final question is: "because of the wording in the Constitution, is the first Tuesday after the first Monday in November a deadline for all (17) year olds that will be (18) by such date to register and vote in a special election?" To the extent we understand your question, we believe the answer is "no." An individual who turns 18 on or before the first Tuesday after the first Monday in November is eligible to vote during the entire calendar year, and that individual could properly register to vote subsequent to the date of the general election and still vote in a school bond election in November.
Sincerely,
 DON STENBERG Attorney General